324 P.2d 1025

**STATE** of New Mexico, Plaintiff-Appellee,

v.

Glenn D. **SCHRADER**, Defendant-Appellant.

No. 6354.

Supreme Court of New Mexico.

April 30, 1958.

Neal & Neal, Hobbs, for appellant.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Alfred P. Whittaker, Asst. Attys. Gen., for appellee.

LUJAN, Chief Justice.

This is an appeal from the district court of Lea County, New Mexico. Appellant was convicted of the crime of embezzlement and from the verdict and judgment entered thereon he appeals.

An information was filed against the appellant in four counts. The first three counts charged him with the crime of embezzlement and the fourth count with the crime of obtaining property with intent to cheat and defraud by false or fraudulent representations. The trial resulted in conviction on count No. 1, and acquittal on count No. 2. The district attorney, prior to trial, dismissed count No. 3. and the court below sustained a motion made by the district attorney to dismiss count No. 4. This appeal concerns itself only with count No. 1, which, stated briefly, charged that appellant, while city clerk in and for the city of Eunice, New Mexico, embezzled monies belonging to the said city.

This is a statutory crime under § 40–45–22 of the New Mexico Statutes Annotated, 1953, which reads as follows:

"Any public official or other person holding an office under any of the laws of this state, to whom is entrusted, by virtue of his office or position, or shall hereafter be entrusted, the collection, safekeeping receipt, disbursement, transfer or handling in any manner whatever of any tax, revenue, fine or other moneys or property, or any person having in his possession any money or other property belonging to this state, or to any county, precinct, school district, city, town or village of this state, who shall convert to his own use in any way or manner whatever, any part of said moneys or properties, or who shall loan, with or without interest, except as provided by law, any money entrusted to his care as aforesaid, shall be guilty of embezzlement; Provided, that if at any time there is a shortage in the money or property for which any of the foregoing officers or persons are accountable, the existence of such shortage shall be prima facie evidence that such officer or person has converted to his own use and embezzled such money or property to the extent of such shortage, and upon conviction he shall be punished by imprisonment in the state penitentiary for a period of not less than one (1) year or more than fifteen (15) years or by a fine of not less than five hundred ($500.00) dollars or more than five thousand ($5,000.00) dollars, or both such fine and imprisonment, at the discretion of the court."

The problem presented by this appeal deals with the manner in which the short-

ages of money, necessary to show a crime under the statute, may be proved at the trial.

Over objection of defense counsel, the court admitted testimony of an accountant relating to shortages in the accounts of the city of Eunice. The books and records were not produced at the trial, but photostatic copies of parts of these records were admitted into evidence as exhibits.

In an embezzlement prosecution may a certified public accountant testify as to his findings from an examination of books and records not in evidence and not produced at the trial?

The exact point has never been passed upon by this court.

There is no need for citation of authorities for the proposition that a qualified person may testify as to a summary based upon his examination of complicated books of accounts and records. The split in authorities only goes to the necessity of having the books of accounts and records present in the court for purposes of cross examination.

As ably pointed out by the respective attorneys in their argument before this court there is authority both ways.

One group of authorities, and by far the fewer, require the actual books and records. to be physically present in the courtroom. The better view accepts an alternative and is well stated by Judge Huxman of the Tenth Circuit Court of Appeals in Board of County Commissioners v. William J. Howard, Inc., 230 F.2d 561, 564.

"There is no dispute as to the law relating to the admission in evidence of summaries of voluminous records. It may be simply stated to be that most courts require as a condition that the mass of data shall, if the occasion seems to require it, be placed at hand in court *or at least be made accessible to the opposing party.*" (Emphasis by the Court.)

The following is a partial listing of authorities from sister states and the federal courts which permit a qualified person to testify in regard to a summary of voluminous records which that person has examined without the necessity of requiring the records themselves to be in court. Burton v. Driggs, 1873, 20 Wall. 125, 87 U.S. 125, 22 L.Ed. 299; Alabama Fidelity & Casualty Co. v. Alabama Penny Savings Bank, 1917, 200 Ala. 337, 76 So. 103; State ex rel. Sullivan County v. Maryland Casualty Co., 1933, 334 Mo. 259, 66 S.W.2d 537; Bible v. Somers Const. Co., 1944, 197 Ga. 761, 30 S.E.2d 623; Linnell v. London & Lancashire Indemnity Co., 1946, 74 N.D. 379, 22 N.W.2d 203; Scott v. Caldwell, 160 Fla. 861, 37 So.2d 85; Evans v. Boggs, 35 Tenn.App. 354, 245 S.W.2d 641; Keen v. O'Rourke, 48 Wash.2d 1, 290 P.

2d 976; Sprague v. Boyles Bros. Drilling Co., 4 Utah 2d 344, 294 P.2d 689.

The trend in American jurisprudence is toward the greater admissibility of evidence consonant with the need to safeguard the rights of the opposite party. Here the rights of the accused were not prejudiced by the admission of the testimony of the certified public accountant relevant to the summary of the books and records of the city of Eunice.

The availability of the records of the city made it possible for the appellant to make any examination of the mass of data he saw fit to make. The certified public accountant testifying in regard to the summary based upon his own examination of the data was available for cross examination. Thus, there were sufficient safeguards for the rights of the appellant.

The record indicates sufficient substantial evidence upon which a jury could base a verdict. The only grounds moved for reversal was the admission of testimony by a certified public accountant relative to his findings from an examination of books and records not in evidence and not produced at the trial. Such testimony is admissable and is not reversible error.

The judgment will be affirmed.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.