540 P.2d 872

**Rudolph A. FELDMAN, a/k/a Rudy Feldman, Plaintiff-Appellee,**

**v.**

**REGENTS OF the UNIVERSITY OF NEW MEXICO, Lavon McDonald and Ferrel Heady, Defendants-Appellants.**

**No. 2035.**

Court of Appeals of New Mexico.

Sept. 3, 1975.

Rehearing Denied Sept. 8, 1975.

Robert G. McCorkle, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellants.

Thomas A. Tabet, Marchiondo & Berry, P. A., Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff and defendant Heady contracted that plaintiff would serve as the head football coach at the University from February 1, 1972 to January 31, 1977. During the contract term, plaintiff was dismissed as head football coach. He sued, alleging five theories for recovery of damages. Defendants moved to dismiss on the basis of the first two defenses stated in the answer. Those defenses were: 1. The complaint failed to state a claim upon which relief could be granted, and 2. Plaintiff failed to exhaust his administrative remedies. When the motion to dismiss came on for hearing, the parties stipulated that the court could consider evidence and treat the motion to dismiss as a motion for summary judgment. The trial court denied the motion. We granted defendants' application for an interlocutory appeal. Section 21–10–3, N.M.S.A.1953 (Repl.Vol. 4, Supp. 1973). We consider the two issues identified above.

Disposition of most of the arguments is governed by summary judgment procedure. See § 21–1–1(12)(b) and 21–1–1(56), N.M.S.A.1953 (Repl.Vol. 4). Defendants, as movants, had the burden of showing an absence of a genuine issue of fact or that they were entitled to summary judgment as a matter of law. Once defendants made a prima facie showing that they were entitled to summary judgment, the burden was then on plaintiff to show there was a genuine factual issue or that defendants were not entitled to summary judgment as a matter of law. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

*Failure to state a claim.*

Defendants advance two grounds as to why plaintiff's complaint fails to state a claim for relief.

The first ground relied on is that portion of § 73–25–9, N.M.S.A.1953 (Repl.Vol. 11,

pt. 1) which states: "The regents shall have power to remove any officer connected with the university when in their judgment the interests require it." In *Smith v. Directors, Insane Asylum,* 19 N.M. 137, 141 P. 608 (1914), Smith was discharged as medical superintendent of the New Mexico Insane Asylum prior to the expiration of his written contract. It was held that Smith could not recover damages even though "it is probably true that his removal was occasioned solely by political considerations . . . ." Smith could not recover damages because of a statute which was a part of his contract. That statute stated: " 'The Board of directors shall have power to remove any officer or employe of said insane asylum when in their judgment it is to the best interest of said institution.' "

Section 73–25–9, supra, gives the regents power to remove any *officer*. *Smith v. Directors, Insane Asylum,* supra, involved a statute giving the directors power to remove any *officer or employee*. Unless plaintiff, as head football coach, was an officer of the university, § 73–25–9, supra, is not applicable.

We do not concern ourselves with definitions of "officer." See *Lacy v. Silva,* 84 N.M. 43, 499 P.2d 361 (Ct.App.1972) and cases therein cited. We do not do so because whether the head football coach is an "officer" is not something an appellate court can resolve as a matter of law; rather it is a question of fact. Defendants had the burden of showing prima facie that plaintiff was an officer. They did not meet the burden; the record has nothing indicating plaintiff was an officer of the University.

The second ground relied on is that plaintiff's various damage claims are tort claims and the State has not consented to be sued in tort. Defendants rely on *Eyring v. Board of Regents,* 59 N.M. 3, 277 P.2d 550 (1954). No such question was stated in the application for an interlocutory appeal. See Appellate Rule 6(b)(2). The question is raised for the first time in the briefs; it will not be considered. Compare *Hillis v. Meister,* 82 N.M. 474, 483 P.2d 1314 (Ct.App.1971).

*Failure to exhaust administrative remedies.*

Before plaintiff can apply to the courts for relief, he must first exhaust his administrative remedies. *State Racing Commission v. McManus,* 82 N.M. 108, 476 P.2d 767 (1970).

Plaintiff "objects" to the issue of administrative remedies, contending that the question of administrative remedies is a factual issue which could not be properly resolved in a summary judgment proceeding. The answer is that if defendants made a prima facie showing of no genuine issue of fact, it would have been plaintiff's burden to show a factual issue existed. Plaintiff cannot defeat a prima facie showing for summary judgment by contending that a factual issue exists. *Southern Union Gas Co. v. Briner Rust Proofing Co.,* 65 N.M. 32, 331 P.2d 531 (1958).

Plaintiff asserts he did not have an administrative remedy available. This argument is directed to plaintiff's status. His contract states that his appointment as head football coach was "governed by applicable policies stated in the *Faculty Handbook* or the *Staff Personnel Policies and Practices Manual,* published and distributed by the University . . . ." Plaintiff contends he was neither "faculty" nor "staff" but "an employee independently and separately hired by defendant University." Alternatively, plaintiff contends that if he was either "faculty" or "staff," he was not required to follow the administrative procedure from the applicable handbook or manual because defendants failed to follow the proper procedures for his removal.

Plaintiff's status as faculty, staff or independent employee was a question of fact. Defendants do not contend to the contrary and they do not rely on any particular status in claiming that plaintiff failed to exhaust administrative remedies. According-

ly we do not consider administrative remedies under the handbook or the manual.

Defendants rely on the Regents' statement of "Rights and Responsibilities" appearing in the faculty handbook. The showing is that this statement was also distributed separately from the handbook. This statement recognizes the authority of the administration in all matters relating to the operation of the University but the Regents "reserve unto themselves the right to consider and determine . . . [in the exercise of their discretion] any matter relating to the University." The statement continues:

> "Appeals of Administration, Faculty, or Student decisions should be addressed in writing to the Regents via the President of the University. The Regents will consider such appeals as a body. In their discretion, the Regents may request written briefs or oral argument or both."

Plaintiff states the above quoted appeal provision is not an administrative remedy because he is neither administration, faculty nor student. The answer is that the Regents have reserved themselves the right to consider "any matter relating to the University," and have provided for appeals. Whether his discharge was "administration" or "faculty" we need not decide, because it was one or the other. Defendants made a prima facie showing that an administrative remedy existed.

Relying on *State ex rel. Norvell v. Credit Bur. of Albuquerque,* 85 N.M. 521, 514 P.2d 40 (1973), plaintiff asserts that exhaustion of his administrative remedies would have been vain or futile. The answer is there is nothing in the record supporting this contention. Our concern with this argument is that it comes close to indirectly admitting that plaintiff failed to exhaust his administrative remedy of appealing to the Regents. However, we will consider it as argument short of an admission.

There is nothing in this record indicating that plaintiff did or did not exhaust his administrative remedy. Absent such a showing, defendants failed to make a prima facie showing entitling them to summary judgment. *Goodman v. Brock,* supra.

The order denying summary judgment is affirmed. This affirmance does not foreclose further motions for summary judgment in the trial court.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.