FLORENCE A. CRUTCHFIELD, Plaintiff-Appellant, *v.* HARRY A. HART, Defendant-Appellee

NO. 7109

CIVIL NO. 53674

JUNE 26, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order granting summary judgment in a negligence case. Plaintiff-Appellant Florence Crutchfield contends that summary judgment was improvidently granted because (1) she had not had an adequate opportunity to conduct discovery and (2) the affidavits and exhibits thereto attached to the motion for summary judgment did not comply with Rule 56(e), Hawaii Rules of Civil Procedure (HRCP).

The second point is without merit. The affidavit did not claim to be on the basis of information and belief and hence, in the circumstances, must be assumed to be on the basis of personal knowledge. Appellant swore to the photographs attached thereto as being true and accurate. Thus, the exhibits were sworn to as required by Rule 56(e), HRCP.

However, we reverse the judgment on the first ground urged. The complaint in this case was filed and served January 30, 1978. The answer was filed February 13, along with interrogatories to appellant. Appellant's answers to interrogatories were filed March 14. The deposition of appellant was filed April 18 and the motion for summary judgment was filed April 25, 1978 with the hearing set for May 15. Prior to that hearing, on May 12, appellant filed a memorandum in opposition urging that she had not had an adequate opportunity to conduct discovery. At the hearing, on May 15, the court continued the motion and required the parties to brief the question of jurisdiction. The briefs of both parties, before the court below, took the position that the court had jurisdiction. On May 17, appellant's interrogatories to appellee were filed and served. They were still pending on May 31 when the court orally granted the summary judgment and on June 15, when the judgment below was entered. The interrogatories were, in fact, never answered.

We do not reach the question of whether on the record before it, the court below could properly grant summary judgment because that question was not specified as a point relied on here. See Rule 3(b)(5), Rules of the Supreme Court.[1]

---

[1] We do note that the contentions made at oral argument by counsel for appellant with respect to the correctness of the decision below on the record before it were not made in the court below. This is another instance of counsel failing to comply with the

There is a further difficulty in this case occasioned by appellant's counsel's failure to follow the rules. Rule 56(f), HRCP, states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Appellant's counsel submitted no affidavit. Nevertheless, it is well-settled that the courts in dealing with the identical provision in Federal Rule 56(f) construe it liberally. Thus, it has been stated:

> The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, the courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality.

10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2740 at 724 (1973).

Here the time since filing the complaint was relatively short and appellant seasonably raised the contention that she should have additional time to conduct discovery, albeit, she did not do so by affidavit as the Rule requires. Nevertheless, it is clear in the record that the contention had been raised and that interrogatories to appellee were, in fact, pending and unanswered at the time the summary judgment was granted. In the circumstances of the case, we hold that the court below should have given appellant a reasonable opportunity for further discovery before granting summary judgment. The judgment is reversed and the case is remanded for further proceedings consistent herewith.[2]

---

requirement of Rule 56(e) that a party's response to a motion for summary judgment must set forth specific facts showing there is a genuine issue for trial. We noted in *Ottensmeyer v. You*, 2 Haw. App. 86, 625 P.2d 1069 (1981), that there was an inherent unfairness to the trial court when the opponent of a motion for summary judgment fails to comply with the requirement that he point out the specific facts upon which his opposition is based.

[2] If the motion for summary judgment is to be again considered by the court below, we suggest that the court fix a reasonable time frame, within which discovery is to be conducted, before ruling upon the motion.

*Philip D. Bogetto* for plaintiff-appellant.

*Jerrold Y. Chun (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for defendant-appellee.