644 P.2d 517

**Abe WELLS, Plaintiff,**

v.

**COUNTY OF VALENCIA, Bill Holliday, Allan Otts Lamm, Gregg Lyons and Joe Doe I, II, III, IV and V, Defendants.**

**No. 13856.**

Supreme Court of New Mexico.

April 13, 1982.

Rehearing Denied May 7, 1982.

---

Lawrence P. Zamzok, Davis & Dempsey,
Philip B. Davis, Albuquerque, for plaintiff.

Keleher & McLeod, Henry Narvaez, Albuquerque, for defendants.

New Mexico Trial Lawyers Ass'n, Leof T. Strand, Albuquerque, Jeff Bingaman, Atty. Gen., John W. Cassell, Sp. Asst. Atty. Gen., Santa Fe, George R. "Pat" Bryan, III, City Atty., Timothy V. Flynn-O'Brien, Asst. City Atty., Albuquerque, for amici curiae.

OPINION

SOSA, Senior Justice.

Plaintiff filed suit in federal district court, alleging that he was placed alone in a completely dark cell with an unprotected hole in the center of the cell floor, and that he tripped in the hole and sustained severe and permanent neurological injuries. The suit was filed for damages under 42 U.S.C. § 1983 (1976) for cruel and unusual punishment in violation of U.S.Const. amend. VIII, and for damages for personal injury under the New Mexico Tort Claims Act, §§ 41–4–1 through 41–4–29, N.M.S.A.1978 (Orig.Pamp. & Cum.Supp.1981).

The action before us is brought pursuant to the provisions of Section 34–2–8, N.M.S.A.1978 (Repl.Pamp.1981), based upon certification by The Honorable Santiago E. Campos, the United States District Judge presiding in Civil Action Number 80–0153 C in the United States District Court for the District of New Mexico, entitled *Abe Wells v. County of Valencia, et al.* In that suit, there is a controlling question of New Mexico law as to which there is no New Mexico authority.

■ The question for our consideration, as stated by Judge Campos in his Certificate, is:

Does the New Mexico Tort Claims Act, Section 41–4–1 *et seq.*, N.M.S.A.1978, prohibit a plaintiff from bringing an action for damages under the New Mexico Tort Claims Act against a governmental entity or public employee where the plaintiff also pursues, by reason of the same occurrence or chain of events, an action against the same entity or employee pursuant to [the] Federal Civil Rights Act, 42 U.S.C. Section 1983?

Applying statutory construction principles, we answer the certified question in the negative.

We begin our analysis with the exclusiveness of remedy provision of the Tort Claims Act. Section 41–4–17(A), N.M.S.A.1978, provides in pertinent part:

A. The Tort Claims Act [41–4–1 to 41–4–25 NMSA 1978] shall be the exclusive remedy against a governmental entity or public employee *for any tort for which immunity has been waived* under the Tort Claims Act *and no other claim, civil action or proceeding for damages, by reason of the same occurrence may be brought* against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim.... [Emphasis added.]

■ Plaintiff contends that, since the above provision makes the Tort Claims Act the exclusive remedy for "any tort" for which immunity has been waived, the Legislature did not intend to make the Act the exclusive remedy for a constitutional violation. We agree with this contention, since not all tortious conduct amounts to a deprivation of constitutional rights.

■ The federal remedy for damages arising out of a constitutional violation by a person acting under color of state law is 42 U.S.C. § 1983. However, Section 1983 is only intended to compensate for injuries caused by the deprivation of a constitutional right, *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); it is not intended to be a remedy for tortious conduct, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). It is recognized that a Section 1983 action is a species of tort liability, and that the common law of tort damages will be a starting point for Section 1983 damages; however, common law tort rules may not provide a complete solution in every Section 1983 case. *Carey v. Piphus, supra.* Not all tortious conduct amounts to a constitutional deprivation. *Id.; Parratt v. Taylor, supra; Fearon v. Commonwealth of Virginia*, 383 F.Supp. 542 (W.D.Va.1974). As more par-

ticularly applied to this case, not all tortious conduct subject to liability under state law amounts to "cruel and unusual punishment" in violation of U.S.Const. amend. VIII, which is subject to liability under Section 1983. *See Howell v. Cataldi*, 464 F.2d 272 (3d Cir. 1972). There must be a "deliberate indifference to a prisoner's serious illness or injury" on the part of a governmental entity to constitute a form of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Thus, the United States Supreme Court recognizes that, although a Section 1983 action can grow out of tortious conduct, the two are distinct concepts compensable under different laws. Tortious conduct which does not amount to a constitutional violation does not state a cause of action under Section 1983, but may be fully compensable under a state remedy for a tortious loss. *See Parratt v. Taylor, supra.* In the case at bar, plaintiff's allegations may not be compensable under Section 1983, but may be compensable under the Tort Claims Act.

Indeed, the New Mexico Legislature recognizes that a tort is separate and distinct from a constitutional deprivation. The Legislature, pursuant to the Tort Claims Act, requires that a governmental entity or public employee be defended against a claim for any tort *or* any violation of property rights or any rights, privileges or immunities secured by the Constitution of the United States. § 41–4–4(B), N.M.S.A.1978 (Cum.Supp.1981). Section 41–4–12, N.M.S.A.1978, waives immunity for certain specified torts and for the violation of constitutional rights when caused by law enforcement officers.

The Legislature also acknowledges that a constitutional deprivation may be remedied in a jurisdiction other than New Mexico. Section 41–4–20(A)(1)(b), N.M.S.A.1978 (Cum.Supp.1981), provides coverage for every "risk" for which immunity has been waived under the Tort Claims Act, including "excess" liability for damages arising under the substantive law of a jurisdiction other than New Mexico, including the Unit-

ed States. Since the Legislature distinguishes a tort from a constitutional violation, it is reasonable to presume that they recognize the existence of a Section 1983 remedy for such violations.

However, this analysis does not necessarily answer the contention of defendants. Defendants contend that Section 41–4–17 is clear and unambiguous and means that, once a plaintiff brings suit outside of the Tort Claims Act, the state withdraws its waiver of immunity for torts under the Act and cannot later be sued for tortious conduct arising out of the same occurrence, the subject of the first suit. Thus, as in this case, if a plaintiff files suit against a governmental entity or public employee under Section 1983 for deprivation of his constitutional rights, the plaintiff cannot bring an action under the Tort Claims Act for a tort arising from the same occurrence.

■ In construing a statute, we must do so with the ultimate purpose of ascertaining and giving effect to the manifest intent of the Legislature. § 12–2–2, N.M. S.A.1978. We must keep in mind that the Legislature is presumed to have enacted the statute within the bounds of the constitution, and, to that end, we must so construe the statute. *In re Santillanes*, 47 N.M. 140, 138 P.2d 503 (1943). We must not give the statute its literal reading if such a reading would lead to an injustice, absurdity or contradiction. *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), .cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). As particularly applied to this case, we must strictly construe the Tort Claims Act, since it is in derogation of one's common law right to sue for negligence. *See Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980).

■ We hold that the Legislature did not intend to condition its waiver of sovereign immunity for certain torts by prohibiting a plaintiff's federal rights. The denial of a plaintiff's federal law rights by a state would be in violation of the supremacy clause of the United States Constitution, which states:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.* [Emphasis added.]

U.S.Const. art. VI, cl. 2. *See Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (state cannot indirectly force a person to abandon his precepts of first amendment rights in order to qualify for state benefits); *see McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819) (states may not burden the operations of the constitutional laws of Congress enacted to carry out the powers vested in the national government).

██ It is beyond dispute that the federal remedy under Section 1983 for deprivation of constitutional rights is supplementary to a state remedy. *See, e.g., Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Bonner v. Coughlin,* 517 F.2d 1311 (7th Cir. 1975); *Lopez v. Williams,* 372 F.Supp. 1279 (S.D.Ohio 1973), *aff'd, Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Although we recognize that Section 41–4–17(A) does not *per se* prohibit the bringing of a federal action, if given the literal reading proferred by defendant, the Act has a sufficient chilling effect so as to inherently prohibit the bringing of a federal cause of action. For example, the conduct of the defendants in placing the plaintiff in an unlit cell with a hole in the center of the cell floor may or may not constitute cruel and unusual punishment; however, the action may amount to the tort of negligence. If we were to give Section 41–4–17 its literal reading, then a plaintiff who takes a Section 1983 action to federal court and does not prevail would be prohibited from bringing an action in state court. The effect would be that a plaintiff who would lose his right to recover damages resulting from a tort compensable only under state law would choose not to challenge a possible deprivation of his federal constitutional rights for which unlimited recovery is provided, *see* § 1983.

██ The Legislature cannot enact a law which would have the practical effect of depriving a party of his rights secured by the United States Constitution. *See Mountain Timber Co. v. Washington,* 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917). Keeping in mind the presumption that the Legislature enacts constitutional statutes, we conclude that the Legislature did not intend to condition the state's waiver of sovereign immunity on a plaintiff's forbearance of his federal constitutional rights. Such a construction would lead to an unconstitutional and unjust result.

Also, since Section 1983 is supplementary to state remedies, a plaintiff can first file suit in state court under the Tort Claims Act, obtain a favorable judgment, and then proceed to federal court under Section 1983 for deprivation of constitutional rights. However, if given the reading proffered by the defense, an attorney could not file first or simultaneously in federal court under Section 1983 and then proceed to state court. The literal reading of Section 41–4–17, as proferred by the defense, would lead to an injustice and procedural absurdity. We cannot construe the Tort Claims Act in such a fashion when a just and reasonable alternative construction exists. *See State v. Nance, supra.*

The Tort Claims Act does not prohibit a plaintiff from bringing an action for damages under the Tort Claims Act where the plaintiff also pursues, by reason of the same occurrence, an action against the same government under 42 U.S.C. § 1983.

██ In those cases where tort damages will constitute a portion of the damages for deprivation of a constitutional right, general principles against double recovery will prevail.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.