Gregorio LOPEZ, Plaintiff-Appellant,

v.

E.G. REYES, et al.,
Defendants-Appellees.

No. 82–1188

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1982.

Gregorio Lopez, pro se.

Thomas H. Crofts, Jr., Ann C. Livingston, San Antonio, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is a case which tests the requirement that there be "no genuine issue as to any material fact" in a successful motion for summary judgment, Fed.R.Civ.P. 56(c).

Gregorio Lopez brought suit under 42 U.S.C. § 1983 claiming violation of his constitutional rights by three deputy sheriffs at the Bexar County jail, San Antonio, Texas. He sought a temporary restraining order, a preliminary injunction, and damages. The core of his complaint was that when he was imprisoned in the Bexar County jail from October 15, 1980, until the time of his complaint, February 12, 1981, various violations of his constitutional rights occurred:

1. He was placed in a special management section for dangerous or escape prone prisoners.

2. He was denied access to the courts by denying him access to other inmates more knowledgeable in the law and by refusing him use of the law library and the telephone to call his attorney.

3. He was denied the right to attend congregate religious services.

The deputy sheriffs answered that the complaint failed to state a cause of action, and they affirmatively pleaded the defense of qualified immunity. They ultimately moved for summary judgment, which, after proper notices, was granted. The district court also denied Lopez's motion for appointment of counsel.

As a matter of procedure, Lopez failed to make timely response to the magistrate on defendants' motion for summary judgment. The magistrate's report states that Lopez had been given two extensions of time to respond to the motion for summary judgment, and he failed to meet the final deadline. The district court order reveals that the court reviewed the entire record in granting the motion for summary judgment and made a de novo determination with respect to the portions of the magistrate's report, belatedly objected to by Lopez. This review on the merits eliminates the possible impact of the failure of Lopez to file the requisite responses to the motion for summary judgment before the magistrate.

Once affidavits were filed by defendants concerning Lopez's assertions that he was

denied regular religious services in the special management section, that he was denied access to the telephone to call his lawyer, to the law library, or to consult with other inmates, Lopez filed no countering evidence whatsoever. The evidence is strong and persuasive that special religious services for those in the special management section were available at all times and that Lopez attended them. There is record of his frequent access to the law library, his use of the telephone to call various persons, and the opportunity to talk with other inmates in the special management section. It may properly be concluded that there is no genuine issue of material fact with respect to these issues.

The most serious issue raised by Lopez arises from the fact that he was classified as a prisoner who should be held in the special management section in the Bexar County jail. This section is designed for the incarceration of prisoners who are inclined to be violent or to constitute a danger to others or who are likely to attempt to escape. Was there a genuine issue of material fact with respect to his classification as such a prisoner? The undisputed evidence shows that Lopez was brought to the Bexar County jail on a bench warrant after being subpoenaed as a witness in a criminal case. At that time, he was incarcerated in the Texas State Penitentiary at Huntsville in the maximum security unit. Lopez already was serving sentences for two convictions of attempted murder, four convictions of aggravated robbery, and one conviction of aggravated assault. His sentences for each conviction ranged from 18 years to 99 years and life. Lopez does not dispute these facts.

Classifying Lopez as a high escape risk with a history of violent propensities and conduct in view of these undisputed facts does not raise a genuine factual issue as to his properly being classified as a high risk prisoner who should be held in the special management section of the Bexar County jail while he was away from his longterm incarceration in the maximum security section of the Texas State Prison.

The legal issues raised by the established facts in this case also admit of only one conclusion. When classification is a necessary part of prison security, it does not amount to denial of equal protection of the laws. *Dorrough v. Hogan,* 563 F.2d 1259, 1263. (5th Cir. 1977), *cert. denied,* 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 153 (1978).

A prisoner in maximum security has no right to unlimited telephone use. *Fowler v. Graham,* 478 F.Supp. 90, 93 (D.S.C. 1979). Lopez obviously has command of the English language as his pleadings reveal, and the record shows that he had regular access to the library. He was not denied access to counsel by telephone. Nor was he denied the assistance of other inmates. *Corpus v. Estelle,* 551 F.2d 68, 70 (5th Cir. 1977).

Appellant also contends that the district court abused its discretion under 28 U.S.C. § 1915(d) in refusing to appoint counsel. But the appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases. *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). This case does not present exceptional circumstances. *Branch v. Cole,* 686 F.2d 264 (5th Cir. 1982). There is no showing in this case that counsel is necessary to present meritorious issues to the Court. *Knighton v. Watkins,* 616 F.2d 795, 799 (5th Cir. 1980).

In view of these conclusions it is not necessary to decide whether there is a material issue of fact concerning the good faith exercise of their duties by the defendant deputy sheriffs which would make their activities fall in the area of qualified immunity. *Rheaume v. Texas Dept. of Public Safety,* 666 F.2d 925, 930 (5th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982). Nowhere in the record did Lopez allege lack of good faith to controvert the affirmative defense of immunity. *Barker v. Norman,* 651 F.2d 1107, 1121, 1126 (5th Cir. 1981). Nor did he allege that the deputy sheriffs acted with intent to deprive him of his rights. Finally, we emphasize the conclusions reached above with

respect to the claims which Lopez does raise and which we conclude do not create any genuine issue as to any material fact. These conclusions belie any possibility that the actions of the deputy sheriffs were motivated by anything other than good faith, absent a special showing that there was personal animus.

We conclude that the district court correctly awarded summary judgment to the defendant deputy sheriffs.

AFFIRMED.