761 P.2d 425

John Leroy ARCHULETA,
Plaintiff–Appellant,

v.

Dr. GOLDMAN, Individually and as Employee of the Department of Corrections of the State of New Mexico; Dr. Buchanan, Individually and as a Doctor Performing Medical Care Upon Inmates Housed within the Department of Corrections of the State of New Mexico; Dr. Bush, Individually and as an Employee of the Department of Corrections of the State of New Mexico; Dr. Lyons, Individually and as an Employee of the Department of Corrections of the State of New Mexico; Dr. Rushman, Individually and as an Employee of the Department of Corrections of the State of New Mexico; Dr. Lipscomb, Individually and as an Employee of the Department of Corrections of the State of New Mexico; Dr. Kravitz, Individually and as an Employee of the Department of Corrections of the State of New Mexico; and Chris Hall, Individually and as an Employee of the Department of Corrections of the State of New Mexico, Defendants–Appellees.

No. 8779.

Court of Appeals of New Mexico.

March 19, 1987.

Certiorari Denied May 7, 1987.

John Leroy Archuleta, Santa Fe, pro se.

Spencer Reid, Keleher & McLeod, P.A., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

Plaintiff appeals from an order granting the motion for summary judgment of de--fendants Drs. Kravitz, Buchanan, Lipscomb and Chris Hall, a physician's assistant, and denying plaintiff's motion for appointment of counsel in an action brought pursuant to 42 U.S.C.A. Section 1983 (West 1981). The issues raised are whether: (1) the trial court erred in ordering summary judgment; (2) the trial court erred in considering the affidavit submitted in support of defendants' motion for summary judgment; (3) the trial court erred in determining that it lacked jurisdiction to appoint counsel under 28 U.S.C.A. Section 1915(d) (West 1966); and (4) failure to appoint counsel in this civil action violated plaintiff's due process rights. We affirm except as to the defendant Hall.

Plaintiff filed his complaint in district court under Section 1983, which provides a statutory claim for deprivation of civil rights when a defendant acts under color of law. Plaintiff alleged that he was incarcerated in the New Mexico State Penitentiary and that his constitutional rights were violated by defendants' alleged deliberate indifference to his serious medical needs. All of the defendants, except Chris Hall, were medical doctors hired by the Department of Corrections to diagnose and provide medical treatment for inmates of the state Department of Corrections. Plaintiff claimed that after he fell down a set of stairs at the state penitentiary, his injuries were improperly diagnosed and that despite his numerous attempts to obtain medical treatment, defendants belatedly determined that he had a serious back injury. Plaintiff also alleged that he was denied proper medical care and treatment.

## I. SUMMARY JUDGMENT

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendants and dismissing his action alleging violation of his constitutional rights stemming from a lack of attention to his medical needs and inadequate treatment.

Plaintiff argues that the trial court erred in granting an award of summary judgment based upon the affidavit of Ms. Hilda Marin, medical records director at the penitentiary, and accompanying exhibits submitted by defendants. The documents referred to in Marin's affidavit summarize plaintiff's medical records by listing the number and nature of plaintiff's medical contacts with defendants. The exhibits contradicted allegations of plaintiff's complaint and specifically indicate that plaintiff had been seen by medical professionals two hundred and sixty-four times between January 3, 1981 and May 7, 1985, during which contacts he was examined, referred to specialists, and received x-rays and prescriptions; plaintiff also received physical therapy on forty-eight occasions in 1984 and 1985. Following the filing of defendants' motion for summary judgment and Marin's affidavit, plaintiff filed an unverified response to the motion contending, inter alia, that Marin's affidavit did not indicate that she was the records manager during the times in question and that the affidavit and summary did not indicate the diagnosis and treatment provided.

In examining plaintiff's first assertion, we begin with an analysis of the nature of the claims alleged in his complaint. The issue of whether a refusal to provide adequate medical care and treatment to incarcerated individuals amounts to a civil rights violation constitutes an issue of first impression in this jurisdiction. Deliberate indifference to the medical needs of a prisoner may give rise to a cause of action for damages under 42 U.S.C.A. Section 1983. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *cf. Wells v. County of Valencia,* 98 N.M. 3, 644 P.2d 517 (1982). Actionable indifference may be demonstrated by the response of prison doctors to a prisoner's needs or by the acts of guards intentionally denying or delaying access to proper medi-

cal care. *Id.; see also Rock v. McCoy,* 763 F.2d 394 (10th Cir.1985). Inadvertent failure to provide adequate medical care, e.g., negligent diagnosis or treatment does not, however, state a valid cause of action under Section 1983. *Estelle; see also Daniels v. Gilbreath,* 668 F.2d 477 (10th Cir. 1982). On the other hand, medical treatment may be so "woefully inadequate as to amount to no treatment at all," thereby evidencing a constitutional violation. *Westlake v. Lucas,* 537 F.2d 857, 860–861, n. 5 (6th Cir.1976); *see also Ochoa v. Superior Court of Santa Clara County,* 39 Cal.3d 159, 216 Cal.Rptr. 661, 703 P.2d 1 (1985).

■ In considering the motion for summary judgment, the burden rests on the moving party to demonstrate to the court that there is no triable issue of fact, *Wilson v. Galt,* 100 N.M. 227, 668 P.2d 1104 (Ct.App.1983), or that undisputed facts will support a judgment as a matter of law. *Lovato v. Duke City Lumber Co.,* 97 N.M. 545, 641 P.2d 1092 (Ct.App.1982). Once the movant has made a prima facie showing, the burden shifts to the non-moving party to show reasonable doubt as to a genuine factual issue or that the movant is not entitled to judgment as a matter of law. *Feldman v. Regents of University of New Mexico,* 88 N.M. 392, 540 P.2d 872 (Ct.App. 1975). Although the non-movant is favored procedurally, that party cannot defeat the prima facie showing by relying solely upon allegations contained in an unverified complaint or mere argument. *Oschwald v. Christie,* 95 N.M. 251, 620 P.2d 1276 (1980); SCRA 1986, Rule 1–056(E).

Plaintiff contends that whether he was actually provided the necessary treatment for his back injury is a disputed issue of material fact and that the affidavit and attached summary are insufficient to establish what remedial or diagnostic treatment was actually provided for his back injury. In urging this contention, he argues that the trial court drew the unsupported inference that he was treated for his back injury from the mere fact of visits to the prison infirmary. We disagree.

As noted in defendants' reply to plaintiff's response to the motion for summary judgment, the primary issue raised by the motion for summary judgment was whether defendants were "deliberately indifferent" to plaintiff's medical needs. The affidavit of Marin and the attached summary indicates that plaintiff has been the recipient of continuous and extensive medical attention. Defendants also relied upon plaintiff's requests for admissions in support of their motion for summary judgment, indicating that plaintiff received medical attention on numerous occasions during the period between January 4, 1981 and September 12, 1983.

■ We determine no reason why an affidavit in support of the motion for summary judgment, in properly authenticating a summary of medical records relating to an issue raised by the pleadings, should not be admissible in conjunction with a motion for summary judgment. *See* SCRA 1986, Rule 11–1006. As observed in 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* Section 2721 at 40 (1983): "[T]he particular forms of evidence mentioned in the rule are not the exclusive means of presenting evidence on a Rule 56 motion. The court may consider any material that would be admissible or usable at trial." Rule 1–056(E) is not a limiting provision but enlarges what may be considered on the motion. *Yong Hong Keung v. Dulles,* 127 F.Supp. 252 (D.Mass. 1954).

■ In addition, the drafters of Federal Rule of Evidence 1006 pertaining to summaries noted, "The admission of summaries of voluminous books, records, or documents offers the only practicable means of making their contents available to judge and jury. The rule recognizes this practice, with appropriate safeguards." Fed.R. Evid. 1006 advisory committee note.

Defendants established a prima facie showing of their entitlement to summary judgment through their affidavit and exhibits indicating over three hundred examinations or treatments. Although the record indicates plaintiff was provided with a copy of his medical records which defendants' exhibits summarized, plaintiff has not disputed the accuracy of the summary. Plain-

tiff's response to the motion for summary judgment and record herein, fails to demonstrate the existence of a material issue of fact, except as to the defendant Hall, indicating the requisite deliberate indifference by the other defendants to his serious medical needs by way of any legally-competent evidence beyond his own arguments and contention. Because plaintiff filed no opposing affidavits, interrogatories, depositions or answers to requested admissions controverting defendants' exhibits, they must be taken as true. *Carrillo v. Hoyl,* 85 N.M. 751, 517 P.2d 73 (Ct.App.1973). We determine that plaintiff's verified complaint does raise a material issue of fact concerning plaintiff's allegations of violation of civil rights by denial of medical care as to the defendant Hall. *Cf. Poorbaugh v. Mullen,* 96 N.M. 598, 633 P.2d 706 (Ct. App.1981) (verified pleadings are treated as affidavits in a motion for summary judgment). Plaintiff's verified complaint alleged, inter alia, that plaintiff complained of "severe pain" on "many occasions" and was told by Hall that there was nothing wrong with him and that Hall refused "to allow plaintiff to see a medical doctor."

 An order granting summary judgment is proper if there are no genuine issues existing as to the material facts and the movant is entitled to judgment as a matter of law. Rule 1–056(C); *see also Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). When a movant has made a prima facie showing in support of a motion for summary judgment, the opponent must come forward and demonstrate the existence of a reasonable doubt as to the existence of a genuine issue of fact. *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986). Plaintiff filed an unsworn response to defendants' motion for summary judgment. Statements made in unsworn briefs are not evidence for purposes of establishing a disputed issue of material fact incident to a motion for summary judgment. *Goodway Mktg. Inc. v. Faulkner Advertising Assoc., Inc.,* 545 F.Supp. 263 (E.D.Pa.1982). We determine that, except as to the defendant Hall, plaintiff has failed to defeat defendants' prima facie showing of their entitle-

ment to summary judgment. *Oschwald;* Rule 1–056(E).

## II. SUPPORTING AFFIDAVIT

Plaintiff also contends that the trial court incorrectly relied on Marin's affidavit because it did not comply with the personal knowledge requirements of Rule 1–056(E), it did not evidence how the underlying documents were prepared, nor did it explain its conclusions.

Marin's affidavit stated that:

1. She is the Medical Records Director for the New Mexico Corrections Department at the Penitentiary of New Mexico.

2. The attached exhibits represent an accurate summary of the medical records maintained by the New Mexico State Penitentiary, documenting medical treatment received by John Leroy Archuleta from January 3, 1981, through May 7, 1985.

Did the affidavit of Marin satisfy the foundation requirements for submitting a summary of medical records in support of defendants' motion for summary judgment? We determine that it did.

Rule 11–1006 governs the admissibility of summaries and states:

The contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The judge may order that they be produced in court.

The above rule requires that the original records or duplicates be made available to plaintiff herein. This was accomplished through defendants' response to plaintiff's request for discovery. *See R & R Assoc., Inc. v. Visual Scene, Inc.,* 726 F.2d 36 (1st Cir.1984); *State v. Schrader,* 64 N.M. 100, 324 P.2d 1025 (1958). Moreover, plaintiff does not dispute the accuracy of either the records or the summary. Instead, on appeal, plaintiff challenges whether affiant has sufficiently indicated that she had the

requisite personal knowledge in order to establish a foundation for the records referred to in the affidavit.

We hold that Marin's affidavit stating that the attached exhibits represented an accurate summary of the medical records maintained by the state penitentiary sufficiently demonstrated personal knowledge and that the records were what they purported to be. *See Crutchfield v. Hart*, 2 Haw.App. 250, 630 P.2d 124 (1981); *Rainier Nat'l Bank v. Inland Mach. Co.*, 29 Wash.App. 725, 631 P.2d 389 (1981). Prison records may properly be considered by the trial court in ruling upon a prison official's motion for summary judgment in an inmate's civil rights action when the records are referred to in the movant's affidavit. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir.1984); *see also United States v. Seelig*, 622 F.2d 207 (6th Cir.1980) (summaries of records of sales by pharmacy of controlled substances identifying "high volume purchasers" and dates of transactions were properly admitted where summaries showed only what close reading of the underlying documents also disclosed, the underlying documents were numerous and inconvenient to examine, and the accuracy of the summaries was uncontested).

We find no error in the trial court's consideration of the summaries referred to by affiant, and note that plaintiff did not challenge the accuracy of the underlying exhibits or the accuracy of the affidavit. *See Tabet v. Campbell*, 101 N.M. 334, 681 P.2d 1111 (1984). In *Tabet*, the supreme court held that uncontested statements in affidavits, which were based on personal knowledge of the affiants and submitted on a motion for summary judgment, were properly considered by the trial court. Instead, plaintiff argues that the medical attention furnished was not shown to relate to his back injury. This contention attempts to ignore the obvious; that the number of medical examinations and treatments accorded plaintiff served to contradict plaintiff's allegations that all of the defendants, except as to the defendant Hall, ignored or were indifferent to his medical needs.

The trial court did not err in considering the affidavit of Marin, and the affidavit adequately indicated that the exhibits were what they purported to be. *See* SCRA 1986, Rule 11–901(B)(1).

## III. CONCURRENT JURISDICTION TO APPOINT COUNSEL

Plaintiff urges that the trial court erred in refusing to appoint an attorney to represent him pursuant to Section 1915(d). Section 1915(d) provides that:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Other jurisdictions have relied on Section 1915(d) for assistance in interpreting analogous state laws. *See, e.g., Cook v. District Court of Weld County*, 670 P.2d 758 (Colo. 1983) (en banc); *McEachern v. State*, 456 A.2d 886 (Me.1983); *State v. Jensen*, 265 N.W.2d 691 (N.D.1978).

Plaintiff has not cited any authority allowing a state court to appoint counsel in state court civil actions pursuant to Section 1915(d). At least one jurisdiction has expressly held that Section 1915(d) applies only to proceedings in federal courts and has no application in state court proceedings. *Johnson v. State*, 151 Ga.App. 157, 259 S.E.2d 161 (1979).

As a general rule, there is no absolute right on the part of a litigant to the appointment of an attorney in a civil case. *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir.1982); *Powell v. State*, 19 Ariz.App. 377, 507 P.2d 989 (1973). In civil proceedings generally, where the litigant's liberty interests are not involved, appointment of counsel is considered a privilege rather than a right. *Lopez v. Reyes*, 692 F.2d 15 (5th Cir.1982); *Cook v. Bounds*, 518 F.2d 779 (4th Cir.1975).

In addition, plaintiff's reliance on 42 U.S.C.A. Section 1988 (West 1981), as a basis to extend Section 1915(d) to state courts is not persuasive. That section, by its terms, allows attorney's fees in *any* suit

to enforce a Section 1983 claim. *See Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Under the record herein, we find that the trial court's refusal to appoint counsel was not error.

## IV. CONSTITUTIONAL CLAIM TO APPOINTMENT OF COUNSEL

█ Plaintiff asserts that the trial judge failed to exercise any discretion concerning his request for appointment of counsel contrary to *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), and that denial of counsel was contrary to law. We disagree. *Lassiter* recognized that it is defendant's interest in personal freedom and not just the sixth and fourteenth amendments right to counsel in criminal cases that activates the right to appointed counsel. The Court held that there is a presumption that an indigent litigant has a due process right to appointed counsel only when he is unsuccessful and may be deprived of his physical liberty. *See also Walker v. McLain*, 768 F.2d 1181, n. 1 (10th Cir.1985); *State ex rel. Corbin v. Hovatter*, 144 Ariz.App. 430, 698 P.2d 225 (1985).

Where a party is indigent, the courts have appointed counsel in complicated paternity suits, parental termination hearings or involuntary commitment proceedings. *See Hovatter; cf. Lassiter*, 452 U.S. at 31, 101 S.Ct. at 2161–2162; *Salas v. Cortez*, 24 Cal.3d 22, 154 Cal.Rptr. 529, 593 P.2d 226 (1979) (in bank).

After reviewing the record herein, we find no error in the trial court's denial of court-appointed counsel.

The trial court's order granting summary judgment as to each of the defendants, except as to the defendant Hall, is affirmed. As to plaintiff's claims against defendant Hall, the cause is reversed and remanded for trial on the merits.

IT IS SO ORDERED.

ALARID, J., concurs.

BIVINS, J., dissents.

BIVINS, Judge (dissenting).

I am unable to agree that summary judgment was proper and would vacate the order granting that relief to defendants and remand for trial on the merits. My reasons are as follows:

1. Defendants did not make out a prima facie showing of no issue of material fact.

(a) The affidavit of Hilda T. Marin does not satisfy the requirements of SCRA 1986, Rule 1–056(E) that require it to set forth facts as would be admissible in evidence. Contrary to defendants' claim below, this affidavit does not satisfy the requirements for admissibility under SCRA 1986, Rule 11–803(F). Nowhere does Ms. Marin state in her affidavit that the medical records summarized were made at or near the time of the visits, that the records were kept in the course of regularly-conducted business activity or that it was the regular practice to make these reports.

(b) Of course, if the affidavit does not set forth facts as would be admissible in evidence, then the attached summaries could not be considered. Even assuming proper consideration of Ms. Marin's affidavit, and use of the summaries under SCRA 1986, Rule 11–1006, these summaries prove nothing. They only show that on certain dates plaintiff had an appointment with a physician or practitioner and was either given a prescription, therapy or nothing. Typical of the entries are the following random samples:

2. 01–04–81 Unscheduled appointment—prescription given Rushman, M.D.

. . . .

28. 10–08–81 Appointment—given prescription Unidentified

. . . .

24. 04–21–82 Scheduled appointment—lab work Mayfield, P.A.

. . . .

49. 09–28–82 Appointment—given a prescription and referred to specialist Unidentified

. . . .

35. 03–04–85 Physical Therapy Baum, LPN

What the visits were for is not known nor can we tell from the summaries. Defendants ask us to infer that all these visits related to plaintiff's back condition, but the exhibit does not so reflect. Those visits could have been for anything. Of equal importance, there is no indication that the underlying medical records were made available to the trial court. I agree with plaintiff that the trial court "drew an unsupported inference that Mr. Archuleta was provided with medical treatment for his back injury at the visits to the prison infirmary alleged in Ms. Marin's affidavit." Even if such an inference could be drawn from the summaries, an equally plausible inference could also be drawn that, notwithstanding the numerous visits to the infirmary, plaintiff was denied treatment, a fact that he alleges in his verified complaint. Where two equally plausible inferences can be drawn, the issue should not be resolved by summary judgment.

2. Even if we could say defendants made a prima facie showing, plaintiff's *verified* complaint was sufficient to raise issues of fact. Plaintiff does not deny that he made numerous visits to the infirmary. In fact, he alleges as much. What plaintiff is claiming is that he was denied medical treatment, or that it was unreasonably delayed, and that this amounted to deliberate indifference in violation of his constitutional rights. Even defendants concede plaintiff's complaint contains allegations that he was subjected to deliberate indifference. A verified pleading may be equivalent to an affidavit if it meets the criteria of Rule 1–056(E). *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). Since plaintiff verified the complaint, which contains specific allegations of neglect, I believe it suffices to overcome summary judgment.

For these reasons, I respectfully dissent.