This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38130**

**ALREE B. SWEAT, III,**

      Plaintiff-Appellant,

v.

**CITY OF LAS CRUCES; JAIME MONTOYA, Chief of Police; DETECTIVE MIKE RICHARDS; and DETECTIVE JEFF FERGUSEN,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Alree B. Sweat III
Clayton, NM

Pro Se Appellant

Jennifer Vega-Brown, City Attorney
Mark D. Standridge, Deputy City Attorney
Robert A. Cabello, Assistant City Attorney Senior
Las Cruces, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Plaintiff appeals from the district court's summary judgment order entered in Defendants' favor. This Court's calendar notice proposed summary affirmance. Plaintiff filed a memorandum in opposition to the proposed disposition. Not persuaded by Plaintiff's arguments, we affirm.

**{2}** Plaintiff continues to argue that the district court erred in granting summary judgment because it improperly decided the Tort Claims' Act (TCA) notice of claim issue. [MIO 11-14] This Court's calendar notice proposed to conclude that Plaintiff's notice was deficient under the TCA because it failed to state the time and place of the occurrence; nor did it indicate the basis for the loss or injury, as was later more specifically asserted in the complaint. [CN 3] While Plaintiff seemingly asserts that the complaint later filed provided the necessary information [MIO 12, 13], the actual complaint filed subsequent to the notice did not suffice to provide the necessary information required by statute. *See* NMSA 1978, § 41-4-16 (1977) (providing that "a written notice stating the time, place and circumstances of the loss or injury" is required). Insofar as Plaintiff continues to assert that the exception to immunity under the TCA applies [MIO 14], we again reiterate that in the absence of proper notice, the claims are barred, and the exception to immunity is not at issue.

**{3}** In response to our proposal that based on the incident occurring on August 9, 2013, the TCA statute of limitations expired long before either the date Plaintiff asserted his complaint was placed into the institutional mailbox, November 28, 2017, or the date the complaint was actually filed, December 27, 2017. [CN 4], Plaintiff continues to argue that the district court erred in calculating the statute of limitations period. [MIO 14-16] Plaintiff relies on NMSA 1978, Section 37-1-14 (1880), which governs when a second suit is deemed a continuation of the first. Section 37-1-14 ("If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."). Plaintiff asserts that his federal claim was dismissed on October 23, 2017 [MIO 15], which appears to be the date the Tenth Circuit Court of Appeals affirmed the dismissal of Plaintiff's third complaint in federal court. [RP 203] We note that Plaintiff does not dispute that the basis of his claim was an incident occurring on August 9, 2013, the date relied upon in the calendar notice. [CN 4] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Even assuming that the statutory period of limitations was tolled during the pendency of Plaintiff's initial federal action, which was filed on January 9, 2014, the time since the August 9, 2013 incident was five months. That federal action was then dismissed on August 19, 2014 [RP 205], and Plaintiff's action in district court was not filed until, November 28, 2017 (the date Plaintiff claims the complaint was deemed filed), over three years later. This, not even taking into account the initial five months since the incident, exceeds the TCA's two-year statute of limitations. Moreover, to the extent Plaintiff relies on NMSA 1978, Section 37-1-12 (1880), that statute is inapplicable, as Plaintiff has not demonstrated that the commencement of his action was stayed or prevented by injunction or other lawful proceeding such that the statute of limitations was tolled.

**{4}** Defendant continues to argue that the district court erred in ruling that the doctrine of res judicata applied where the federal court did not rule on the issue of ultimate fact. [DS 12; MIO 16] Our calendar notice proposed to conclude that res

judicata was properly applied to preclude Plaintiff's claims in district court and that to the extent any claims were dismissed with prejudice on the basis of failure to state a claim, those claims were decided on the merits and the dismissal constitutes a final judgment. [CN 5] Plaintiff does not point to any error with the proposal that dismissal with prejudice is an adjudication on the merits in the context of res judicata determinations. [CN 6] *See Hennessy*, 1998-NMCA-036, ¶ 24. Moreover, we are not persuaded by Plaintiff's citation to other statutes and rules, which are inapplicable to the res judicata inquiry at issue. [MIO 16-19]

{5}     To the extent Plaintiff continues to assert that the district court erred in granting summary judgment as to the racial profiling claim, Plaintiff does not dispute the facts relied upon in the calendar notice to conclude that his claim for racial profiling was also barred by the statute of limitations. [CN 6; MIO 19-22] *See id.* Additionally, we are not persuaded by Plaintiff's citation to district court rules concerning amended, supplemental pleadings or relief from a judgment or order, as those rules are inapplicable. [MIO 19-20]

{6}     As to Plaintiff's first request for production, our calendar notice proposed to affirm the district court's ruling that the request was moot because it occurred following the completion of briefing on Defendants' motion for summary judgment, on which the district court ruled in Defendants' favor. [CN 7] Plaintiff contends that there was no scheduling deadline with which the parties were required to comply and Rule 1-026(D) NMRA clearly states that the "methods of discovery may be used in any sequence[.]" Nevertheless, "[a] trial court's ruling limiting discovery is subject to reversal only upon a showing of an abuse of discretion." *DeTevis v. Aragon*, 1986-NMCA-105, ¶ 10, 104 N.M. 793, 727 P.2d 558. Insofar as Plaintiff relies on Rule 1-056(F) NMRA, that rule also gives the district court discretion to order discovery ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his position, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Plaintiff has not demonstrated how the district court abused its discretion in this regard. *See Griffin v. Thomas*, 2004-NMCA-088, ¶ 53, 136 N.M. 129, 95 P.3d 1044 (stating that the denial of a motion for continuance is reviewed for an abuse of discretion); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("Appellant must affirmatively demonstrate its assertion of error.").

{7}     Plaintiff continues to argue that the district court improperly denied appointment of counsel below, despite this Court's proposal that there is no right to counsel in a civil action. [DS 13; MIO 24; CN 8-9] To the extent that Plaintiff relies on federal statutes and case law in support of his contention that a federal court may appoint counsel to assist a pro se litigant with a colorable claim, "we are not bound by federal law when we interpret state law," as our statutory provisions for civil cases differ. *In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 29, 140 N.M. 879, 149 P.3d 976; *see also Archuleta v. Goldman*, 1987-NMCA-049, ¶ 23, 107 N.M. 547, 761 P.2d 425 ("As a

general rule, there is no absolute right on the part of a litigant to the appointment of an attorney in a civil case.").

{8} With regard to Plaintiff's motion for reconsideration, our calendar notice proposed to conclude that the district court did not abuse its discretion in denying the motion for reconsideration that reasserted the arguments previously made, and that Plaintiff nevertheless raised the same arguments in the docketing statement, which we have addressed. [CN 9] Plaintiff relies on Rule 1-059(C) NMRA, which provides the district court authority to extend the time for serving affidavits when a motion for new trial is based on such affidavits. [MIO 24] We note that Subsection C, on which Plaintiff relies, applies to motions for a new trial; this case was not tried, but was resolved on summary judgment. Thus, the rules pertaining to a motion for new trial are inapplicable to Plaintiff's motion for reconsideration. In addition, Subsection C does not apply to Subsection F, which does concern a motion to reconsider and allows for an extension of time to file such a motion. In either case, the rule does not provide support for Plaintiff's contention.

{9} Lastly, Plaintiff continues to argue that the district court erred in granting summary judgment because it improperly decided disputed factual issues pertaining to his criminal prosecution when the issue of ultimate fact had once been determined by a valid and final judgment, and that the issue of DNA evidence could not be litigated between the same parties in any future criminal prosecution, absent additional evidence to support the DNA evidence. [DS 13-14; MIO 25] While we are constrained in our ability to discern the argument, it appears that Plaintiff seeks relief with regard to criminal cases in which this Court affirmed his sentences. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12,110 N.M. 369, 796 P.2d 262 (stating that this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments). To the extent that Plaintiff seeks relief in different, but related, criminal cases, this Court acts as an appellate court, reviewing only matters that were presented to the district court in the underlying case. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855. The current case concerns Plaintiff's civil action, and we have no jurisdiction to review the propriety of the criminal cases for which he seeks relief.

{10} For all of these reasons, and those provided in the calendar notice, we affirm.

{11} **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**