Stephen **WOJCIECHOWSKI**, Plaintiff,

v.

Richard **HARRIMAN**, et al.,
Defendants.

**No. Civ. 84–948 BB.**

United States District Court,
D. New Mexico.

April 26, 1985.

Cathrine Gordon, Duhigg & Cronin,
David Duhigg, William L. Lutz, Jan Eliza-
beth Mitchell, Asst. U.S. Atty., Albuquer-
que, N.M., for Applicant in Intervention
Intervenor.

Tryon, Pompei & Baker, P.A., Jeffrey L.
Baker, Albuquerque, N.M., for Simon # 3;
Montoya # 4; T or C Police Dept. # 7; City
of T or C # 9; Cox # 10; Gurule # 11;
Tremko # 13; Jukich # 16; Sierra County
Sheriff's Dept. # 17; County of Sierra
# 18; and Sawyer # 19; E.A. Scott # 12.

## MEMORANDUM OPINION

BALDOCK, District Judge.

THIS MATTER comes on for considera-
tion of pending motions to dismiss plain-
tiff's law enforcement negligence claims
brought pursuant to the New Mexico Tort
Claims Act, N.M.Stat.Ann. §§ 41-4-1 to
41-4-29 (1982 Repl.Pamp. and 1984 Supp.).
The court, having considered any accompa-
nying memoranda submitted by the parties,
the relevant law, and otherwise being ad-
vised fully in the premises, finds that the
motions are not well taken and should be
denied.

This is a civil rights action brought
pursuant to 42 U.S.C. § 1983 against the
City of Truth or Consequences, its police
department, Sierra County, its sheriff's de-
partment and various law enforcement offi-
cers employed by these entities. In addi-
tion, the complaint contains claims against
these defendants brought pursuant to the
New Mexico Tort Claims Act. The narrow
issue before the court is whether the exclu-
sive grant of original jurisdiction to the
state district courts over tort claims
brought against counties, municipalities
and their officers prevents a federal dis-
trict court from hearing such claims pursu-
ant to its pendent jurisdiction. I hold that
section 41-4-18, N.M.Stat.Ann. (1982 Repl.
Pamp.), which purports to confine exclusive
original jurisdiction for any claim under the
Tort Claims Act to the district courts of
New Mexico, is unconstitutional to the ex-
tent it acts to limit pendent jurisdiction of a
federal district court over tort claims
against counties, municipalities, and their
officers.

Section 41-4-18 provides in perti-
nent part:

A. Exclusive original jurisdiction for
any claim under the Tort Claims Act
shall be in the district courts of New
Mexico.

The statute may validly limit jurisdiction on
tort claims against the State of New Mexi-
co solely because of the protections of the
eleventh amendment. The statute is un-
constitutional, however, when it is applied
to counties and municipalities because such
political subdivisions are not afforded the
protections of the eleventh amendment.

The eleventh amendment of the
United States Constitution bars a suit in
federal court against an unconsenting
state. *Pennhurst State School and Hos-
pital v. Halderman*, 465 U.S. 89, 104
S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). This
bar extends to suits against the state itself
as well as against one of the state's agen-
cies or departments, absent a state waiver

of sovereign immunity. *Florida Department of State v. Treasurer Salvors, Inc.,* 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982). The eleventh amendment bars a suit for damages in federal court when the action is in essence one for recovery of money from the state and the state is the real, substantial party in interest, notwithstanding that individual officials are nominal defendants. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). A narrow exception to the bar of eleventh amendment immunity occurs when a state official is sued for non-monetary injunctive relief from constitutional violations in his individual capacity. *Pennhurst,* 104 S.Ct. 900, 908.

 A state may waive its eleventh amendment immunity and consent to be sued in federal court. *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 882, 27 L.Ed. 780 (1883). A waiver of a state's eleventh amendment immunity will be found only where stated by the most express language or by the overwhelming implications of such language where there is no room for any other reasonable construction. *Edelman v. Jordan,* 415 U.S. 651, 693, 94 S.Ct. 1347, 1369, 39 L.Ed.2d 662. Providing for a limited waiver of its sovereign immunity, the State of New Mexico has expressly reserved its immunity from suit in federal court under the eleventh amendment. N.M.Stat.Ann. § 41–4–4F (1982 Repl. Pamp.). Thus, any tort claims suit against the State would lie in the district courts of New Mexico in accordance with section 41–4–18. Essentially, the State has consented to be sued in its own courts without waiving its immunity in the federal courts. Whether counties and municipalities may also be sued in state court while claiming immunity in federal court pursuant to section 41–4–18 is another matter, however.

 When an action is brought against a political subdivision of the state, the application of the eleventh amendment turns on whether it can be characterized as an arm or alter ego of the state. *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). *Unified School District No. 480 v. Epperson,* 583 F.2d 1118 (10th Cir.1978). "But the Court has consistently refused to construe the amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'" *Lake County Estates v. Tahoe Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979). The eleventh amendment, therefore, does not extend to counties and municipalities, or their agents, and will not bar a suit against them in federal court.

 Because the eleventh amendment does not bar state law tort claims against counties and municipalities in federal court, a federal court may have diversity or pendent jurisdiction to hear such claims. The legislative grant of authority over diversity cases, 28 U.S.C. § 1332, is derived from the Constitution and tracks the wording in article III. Although the states have the power to prevent a federal court from granting relief in a diversity case by denying the substantive right of action asserted, they have no power directly to enlarge or contract federal jurisdiction. *Markham v. City of Newport News,* 292 F.2d 711, 713 (4th Cir.1961); *Railway Co. v. Whittons,* 13 Wall. 270, 286, 80 U.S. 270, 286, 20 L.Ed. 571 (1871). A federal district court's diversity jurisdiction is a creature of federal law under article III and 28 U.S.C. § 1332, and state law may not control or limit federal jurisdiction. Thus, if the state waives sovereign immunity for counties and municipalities in state courts, those counties and municipalities may be sued in federal court if the court has diversity jurisdiction.

 Just as a state may not limit actions against counties and municipalities to its own courts when a federal court has diversity jurisdiction, it is also prohibited from restricting a federal court's pendent jurisdiction. The Court, in *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), held

that when a federal court obtains jurisdiction over a federal claim, it may adjudicate other related claims over which the court otherwise would not have jurisdiction. Although a judge-made doctrine, pendent jurisdiction is inferred from the general language of article III. *Id.* at 725, 86 S.Ct. at 1138. *See also Osborne v. Bank of the United States*, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204 (1824); *Hagans v. Lavine*, 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974).

■ Once the state legislature waives sovereign immunity for counties and municipalities and provides for the enforcement of rights and remedies in the state courts, it may not prevent the adjudication of these rights and remedies in a federal district court if that court has jurisdiction under the Constitution and laws of the United States. It is axiomatic that, pursuant to the supremacy clause, article III preempts any contrary state law. Section 41–4–18, therefore, is unconstitutional to the extent that it attempts to confine suits against New Mexico counties, municipalities, or county and municipal officers to New Mexico state district courts and will not have the effect of limiting the jurisdiction of the courts of the United States.

■ The elements of pendent jurisdiction are satisfied in this case. Both the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. Although the plaintiff could "first file suit in state court under the Tort Claims Act, obtain a favorable judgment, and then proceed to federal court under section 1983," *Wells v. County of Valencia*, 98 N.M. 3, 7, 644 P.2d 517 (1982), in the interest of judicial economy, it is reasonable to consider all of plaintiff's claims in a single proceeding. The exercise of pendent jurisdiction is appropriate in this case because it will be convenient and fair to the litigants and will not raise difficult questions of state law or unduly complicate the trial to the jury. Pendent jurisdiction

over the plaintiff's state law claims, therefore, will be exercised by this court.

An order will be entered accordingly.