Stephen BISHOP, Plaintiff–Appellant,

v.

JOHN DOE 1, public employee who installed the black pipe speed bag frame at the north facility in the 3B exercise pens attached to the x-pod wall; John Doe 2, public employee whose scope of duties was to inspect, repair or cause to be repaired the black pipe speed bag frame; John Doe 3, public employee who authorized the installation of the black spped bag frame in the 3B exercise pen attached to the x-pod wall; John Doe 4, public employee whose scope of duties was to inspect the building containing x-pod and to repair or cause to be repaired any deficiency in said building; and the New Mexico Department of Corrections, as a state agency and governmental entity who at all times is responsible for the designation of the scope of duties to its employees for the installation, inspection, repair for buildings and equipment under its control and management, Defendants–Appellees.

No. 89–2154.

United States Court of Appeals,
Tenth Circuit.

May 4, 1990.

Stephen Bishop, pro se.

Defendants-appellees elected not to appear.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.[*]

BALDOCK, Circuit Judge.

Plaintiff-appellant, Stephen Bishop, instituted this diversity action under 28 U.S.C. § 1332 in the New Mexico federal district court, purporting to allege a cause of action under the New Mexico Tort Claims Act, N.M.Stat.Ann. §§ 41–4–1 to 41–4–29 (Repl.Pamp.1989). According to his complaint, Bishop, while in the custody of the New Mexico Department of Corrections, was exercising with an improperly installed and maintained "speed bag" which disassembled and caused him injury. Upon the defendants-appellees motion, the district court dismissed Bishop's complaint as barred by the doctrine of sovereign immunity under the eleventh amendment, U.S. Const. amend XI. Our jurisdiction to hear Bishop's appeal arises under 28 U.S.C. § 1291. We affirm.

The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity. *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982). A state, however, may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978). Under its Tort Claims Act, the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts including negligence in the maintenance of machinery and equipment. N.M. Stat.Ann. §§ 41–4–4 & 41–4–6 (1989). But that consent is limited to actions commenced in the state district courts. Section 41–4–18A of the Act provides: "Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico." *See also id.* § 41–4–4F (nothing in prior subsections shall constitute "waiver of the state's immunity from suit in federal court under the eleventh amendment"). *Cf. Wojciechowski v. Harriman*, 607 F.Supp. 631, 633–35 (D.N.M.1985) (recognizing that § 41–4–18A may limit federal court's jurisdiction over tort claims against the state, but holding unconstitutional limitation on jurisdiction over claims against counties and municipalities unprotected by the eleventh amendment).

Accordingly, Bishop cannot pursue his claim against the New Mexico Department of Corrections and its employees acting within the scope of their employment in the federal district court, but rather is relegated to the state district court to seek relief consistent with the limited waiver of immunity under § 41–4–18. The judgment of the district court dismissing the complaint as barred by the eleventh amendment is

AFFIRMED.