902 F.2d 809
 Stephen BISHOP, Plaintiff-Appellant,
v.
JOHN DOE 1, public employee who installed the black pipe
speed bag frame at the north facility in the 3B exercise
pens attached to the x-pod wall; John Doe 2, public
employee whose scope of duties was to inspect, repair or
cause to be repaired the black pipe speed bag frame; John
Doe 3, public employee who authorized the installation of
the black spped bag frame in the 3B exercise pen attached to
the x-pod wall; John Doe 4, public employee whose scope of
duties was to inspect the building containing x-pod and to
repair or cause to be repaired any deficiency in said
building; and the New Mexico Department of Corrections, as
a state agency and governmental entity who at all times is
responsible for the designation of the scope of duties to
its employees for the installation, inspection, repair for
buildings and equipment under its control and management,
Defendants-Appellees.
 No. 89-2154.
 United States Court of Appeals,
Tenth Circuit.
 May 4, 1990.
 
 Stephen Bishop, pro se.
 Defendants-appellees elected not to appear.
 Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Stephen Bishop, instituted this diversity action under 28 U.S.C. Sec. 1332 in the New Mexico federal district court, purporting to allege a cause of action under the New Mexico Tort Claims Act, N.M.Stat.Ann. Secs. 41-4-1 to 41-4-29 (Repl.Pamp.1989). According to his complaint, Bishop, while in the custody of the New Mexico Department of Corrections, was exercising with an improperly installed and maintained "speed bag" which disassembled and caused him injury. Upon the defendants-appellees motion, the district court dismissed Bishop's complaint as barred by the doctrine of sovereign immunity under the eleventh amendment, U.S. Const. amend XI. Our jurisdiction to hear Bishop's appeal arises under 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity. Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982). A state, however, may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978). Under its Tort Claims Act, the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts including negligence in the maintenance of machinery and equipment. N.M.Stat.Ann. Secs. 41-4-4 & 41-4-6 (1989). But that consent is limited to actions commenced in the state district courts. Section 41-4-18A of the Act provides: "Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico." See also id. Sec. 41-4-4F (nothing in prior subsections shall constitute "waiver of the state's immunity from suit in federal court under the eleventh amendment"). Cf. Wojciechowski v. Harriman, 607 F.Supp. 631, 633-35 (D.N.M.1985) (recognizing that Sec. 41-4-18A may limit federal court's jurisdiction over tort claims against the state, but holding unconstitutional limitation on jurisdiction over claims against counties and municipalities unprotected by the eleventh amendment).
 
 
 3
 Accordingly, Bishop cannot pursue his claim against the New Mexico Department of Corrections and its employees acting within the scope of their employment in the federal district court, but rather is relegated to the state district court to seek relief consistent with the limited waiver of immunity under Sec. 41-4-18. The judgment of the district court dismissing the complaint as barred by the eleventh amendment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After reading the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument