**UNITED STATES COURT OF APPEALS**
**Filed 9/20/96**
**TENTH CIRCUIT**

| | |
|---|---|
| CURTIS J. TALLEY, | |
| Plaintiff - Appellant, | No. 96-1119 |
| v. | D. Colorado |
| WILLIAM BURNELL, JON JOHNSON, WARREN T. DIESSLIN, RON KRAUSE, and RUSTY AHART, | (D.C. No. 94-Z-795) |
| Defendants - Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Curtis J. Talley, an inmate at the Buena Vista Correctional Facility, was found guilty, following a disciplinary hearing, of unauthorized possession of papers concerning games of chance. On administrative appeal, the reviewing officer found Talley guilty of gambling and not guilty of unauthorized possession. Upon further administrative appeal, Warden Warren Diesslin ordered the incident expunged from Talley's record and returned Talley to the same inmate status and level of privileges he enjoyed prior to the charges.

Talley then filed this 42 U.S.C. § 1983 complaint, seeking damages against five employees of the Colorado Department of Corrections, claiming: (1) that his punitive segregation constituted cruel and unusual punishment in violation of his rights under the Eighth Amendment; (2) that the segregation violated a liberty interest to which he was entitled under the Due Process Clause of the Fourteenth Amendment; and (3) that his right to procedural due process was violated.[1] The district court, adopting the magistrate judge's recommendation, granted the defendants' motion for summary judgment. We affirm.

The Eleventh Amendment bars suit for money damages against state officials acting in their official capacities--which clearly describes the role in the institutional disciplinary process played by all defendants, William Burnell, Jon Johnson, Warren Diesslin, Ron Krause, and Rusty Ahart. See White v. Colorado, 82 F.3d 364, 366 (10th

---

[1]Mr. Talley alleged in his complaint that he was also denied equal protection of the law, but he does not pursue this claim on appeal.

Cir. 1996); Bishop v. John Doe 1, 902 F.2d 809, 810 (10th Cir.), cert. denied, 489 U.S. 873 (1990).  Also, Talley fails adequately to allege any personal participation by defendant Warren Diesslin in any purported deprivation of his constitutional rights.  So, the suit against defendant Diesslin must be dismissed on that ground as well.  Mee v. Ortega, 967 F.2d 423, 430 (10th Cir. 1992); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

On the merits, Talley's punitive segregation raises neither an Eighth nor a Fourteenth Amendment claim.  See Sandin v. Conner, 115 S. Ct. 2293 (1995) (holding disciplinary segregation not atypical, significant deprivation creating a liberty interest); Abbott v. McOtter, 13 F.3d 1439, 1441 (10th Cir. 1994) (requiring allegations of wanton and unnecessary infliction of pain or grossly disproportionate length of segregation to warrant Eighth Amendment claim).  Also, he clearly received due process under the Constitution, beginning with a full disciplinary hearing and ultimately terminating in a successful administrative appeal.  Talley's other claims are without merit.

We also conclude that this appeal is frivolous under the Prisoner Litigation Reform Act of 1995.  Pub. Law No. 104-134, 110 Stat. 1321 (to be codified at 28 U.S.C.

§ 1915(e)(2)(B)(I)).  For the foregoing reasons, the judgment of the district court is

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge