**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

THOMAS JAMES DORN,

    Plaintiff - Appellant,

v.

VERNA CARPENTER, Judge;
JEFFERSON COUNTY COURT; CITY
AND COUNTY OF DENVER,

    Defendants - Appellees.

No. 21-1298
(D.C. No. 1:20-CV-02103-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Proceeding pro se, Appellant Thomas Dorn filed a series of suits against the

City and County of Denver, Jefferson County Court, and Jefferson County District

Court Judge Verna Carpenter.[1] The suits were consolidated in the District of

Colorado before a magistrate judge. The magistrate judge issued a report and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As a pro se litigant, we liberally construe Dorn's filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

recommendation ("Recommendation") finding that Dorn's consolidated suit failed for a variety of reasons, with two threshold reasons being the Colorado Governmental Immunity Act ("CGIA") and Eleventh Amendment immunity.

Specifically, the Recommendation found that the suit against all defendants failed under the CGIA because the CGIA bars "all claims for injury which lie in tort or could lie in tort[.]" *See* Colo. Rev. Stat. § 24-10-106(1). Dorn sought to recover for such injuries. The Recommendation also found that the claims against Jefferson County Court and Judge Carpenter failed under the Eleventh Amendment because the Amendment precludes federal jurisdiction over state officials acting in their official capacities. *See, e.g.*, *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) ("The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity.").

The Recommendation was thorough, and the district judge adopted it in full despite Dorn's objections. Dorn's brief identifies no legal errors in the decision below and we see none either. Therefore, reviewing his arguments de novo and

exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Dorn sent the court an untitled document on January 12, 2022 that we have construed as a reply brief. But the deadline to file a reply was December 13, 2021, so we decline to consider it.