United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11206
Summary Calendar
_____

DANIEL MONTES, JR.

Plaintiff-Appellant,

versus

JEFFERY P. RANSOM, # 6952; DEMARCUS F. BLACK, # 7574; WILLIE FAYE
WASHINGTON; DAVID BONNER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1027
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Montes Jr. appeals from the district court's grant of

motions for summary judgment in favor of police officers and

prison officials and dismissal of his federal and state claims.

Montes argues that defendants Jeffery P. Ransom and Demarcus

Black, who were arresting officers, used excessive force when

they handcuffed him too tightly. He argues that defendants

Willie Faye Washington and David Bonner, officials at the jail

while he was held in custody prior to his release, failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

loosen his handcuffs. He argues, inter alia, that the district court misapplied the law of this circuit when it dismissed his claims.

Handcuffing too tightly, without more, does not amount to excessive force. See Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005); Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). Moreover, admissible medical evidence establishing some injury is required to satisfy the injury requirement of an excessive force claim based on the application of handcuffs. See Tarver 410 F.3d at 752 (citing, approvingly, Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003)); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997). As the district court observed, photographs that Montes submitted do not reveal anything other than minor red marks and perhaps a small amount of swelling. Such minor injuries are inherently transient, are only de minimis, and are not actionable. See Tarver, 410 F.3d at 751-52; Glenn, 242 F.3d at 314. Regarding Montes's complaints of permanent injury, Montes's argument fails to establish error in the district court's evidentiary ruling, which is in accord with this circuit's precedent establishing that unauthenticated documents are not competent summary judgment evidence. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Haynes v. Pennzoil Co., 141 F.3d 1163 (5th Cir. 1998). The district court therefore did not err in dismissing Montes's claims of excessive force.

To the extent that Montes is asserting that Washington and Bonner violated his constitutional rights by delaying or denying medical care, Montes's failure to establish "serious medical needs" that were overlooked or denied, or "substantial harm," defeats his claim that Washington and Bonner's actions constituted an Eighth Amendment violation.  See Easter v. Powell, 457 F.3d 459, 462-65 (5th Cir. 2006).  To the extent that Montes is asserting that Washington and Bonner are liable in a supervisory capacity, a supervisor cannot be liable under § 1983, where, as here, there is no underlying constitutional violation. See Rios v. City of Del Rio, Tex., 444 F.3d 417, 425-26 (5th Cir. 2006).

Montes also argues that the fact that he was handcuffed in an inappropriate manner and forced to remain in handcuffs while he was in custody violated equal protection.  The district court concluded that Montes failed to adduce any evidence that tended to show that the defendants treated him any differently than others who were similarly situated or that the defendants purposefully discriminated against him.  Despite the district court's ruling, Montes's argument before this court consists only of conclusional assertions that the officials were black, he is Hispanic, and an unnamed black judge with whom Montes has previously had difficulty was involved in his arrest.  Blue brief, 22-23.  Such conclusional allegations are insufficient to

defeat a summary judgment motion. See Hugh Symons Group v. Motorola, Inc., 292 F.3d 466, 468 (5th Cir. 2002).

Montes also contends that the district court should have analyzed his claim of conspiracy to violate his civil and equal protection rights under the First Amendment and Due Process clause. Unlike in his argument before this court, Montes's allegations of a conspiracy resulting from the law enforcement officials's reaction to his threat of lawsuit were tied to causes of action under 42 U.S.C. § 1985(2) and (3). Therefore, the district court analyzed Montes's claims under § 1985(2) and (3). Montes fails to argue that the district court erred with respect to his claims of conspiracy under § 1985(2) and § 1985(3). He therefore has abandoned these issues. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Regarding Montes's argument that the district court erred by failing to consider whether the officers's response to his lawsuit threat violated his rights under the First Amendment, Due Process Clause, Fourth, Eighth, and Fourteenth Amendments, Montes did not present this argument to the district court. This court will not consider arguments that were not presented to the district court. See Little v. Liquid Air Corp., 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

Montes argues that the district court erred when it dismissed his state law claims. As the district court did not

err in its dismissal of Montes's federal claims, the district court did not abuse its discretion under 28 U.S.C. § 1367(c)(3) when it dismissed Montes's state law claims. See Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004).

Montes also argues that the district court abused its discretion by failing to allow him to amend his complaint to add a defendant. Montes fails to explain why the district court's denial of his motion to file an amended complaint amounted to an abuse of discretion when Montes sought to file an "unnamed defendant" after he had previously been given leave on one prior occasion to file an amended complaint, after he had filed an amended complaint, and after responsive pleadings were filed. He also sought to file the amended complaint after the deadline established in the district court's scheduling order for filing motions requesting joinder of additional parties or amendments of pleadings. Moreover, Montes did not subsequently identify in the district court the party who he sought to add as a defendant. Even if the district court abused its discretion in denying Montes's motion for leave to amend his pleadings, a remand to the district court to consider the merits of Montes's claim against the unnamed defendant would be a waste of judicial resources. See Halbert v. City of Sherman, Tex., 33 F.3d 526, 530 (5th Cir. 1994).

Finally, Montes raises a recusal argument for the first time on appeal. As Montes's assertions do not establish good cause

for why he did not file an affidavit requesting recusal of the trial judge, nor do his assertions show exceptional circumstances why this court should consider these issues for the first time on appeal, this court should decline to consider the argument.  See Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 2001).

For the foregoing reasons the judgment of the district court is AFFIRMED.