**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-066**

**Filing Date: June 10, 2009**

**Docket No. 27,786**

**MATTHEW JAMES GRIFFIN,**

> **Plaintiff-Appellant,**

**v.**

**SANDRA PENN,**

> **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Matthew James Griffin
Tehachapi, CA

Pro Se Appellant

Hatch, Allen & Shepherd, P.A.
E. W. Shepherd
Amy M. Cardwell
Albuquerque, NM

for Appellee

**OPINION**

**VANZI, Judge.**

**{1}** Plaintiff, a prisoner pro se, brought excessive force and inadequate medical care claims against Defendant prison medical director. Defendant moved for summary judgment arguing that she was not liable under 42 U.S.C. § 1983 (1986) for violating Plaintiff's rights under the Eighth Amendment to the United States Constitution. The district court granted Defendant's motion for summary judgment, and Plaintiff appealed. We affirm.

**I.    BACKGROUND**

1

**{2}** This case arises out of events that occurred at the Penitentiary of New Mexico in Santa Fe County. Correctional officers James Lopez and Sergeant John P. Marquez noticed that Plaintiff had covered the window of his cell door with a towel, a blanket, and a mattress. Plaintiff's actions were the second disruption to the normal operation of the North Facility of the penitentiary that morning and constituted a security risk. When Plaintiff refused to remove the obstruction, the officers did so by force. Plaintiff was then removed from his cell and placed in wrist restraints and ankle shackles (collectively, restraints) by officers Larry Grant and James Lopez. Plaintiff does not dispute that the restraints were applied to him because he deliberately created a security situation that required the officers to enter his cell and assert control over him. However, Plaintiff contends that he complied with all directives of the prison staff and offered no resistance after he was removed from his cell.

**{3}** Defendant was, at the time of the incident, a licensed physician and the medical director for the Penitentiary of New Mexico. Prison regulations state that "[m]edical personnel shall check the inmate when initially placed in restraints and every two hours thereafter while in restraints." According to Defendant, she was not present when Plaintiff was removed from his cell and placed in restraints. However, after the restraints had been applied, Defendant looked at Plaintiff's legs and determined that they were correctly applied and not too tight. She was able to place her fingers through the restraints. During her examination, Defendant observed "small abrasions" on Plaintiff's legs which she considered "minor skin interruptions." Other than the minor abrasions, which she did not consider an "excessive risk to [Plaintiff's] health and safety," Defendant did not observe any lacerations on Plaintiff's ankles or wrists.

**{4}** Plaintiff disputes Defendant's version of these events. According to Plaintiff, Defendant was present when the restraints were applied. Plaintiff claims that Defendant did not place her fingers between the restraints and his legs, and further states that he repeatedly told Defendant and others that the restraints were too tight and were injuring him.

**{5}** The restraints were kept on Plaintiff for roughly four hours. Throughout that period, and for several hours thereafter, the penitentiary activity logs indicate that Plaintiff continuously paced in his cell. At approximately 4:00 p.m. the restraints were removed because they were restricting Plaintiff's blood circulation, had caused wounds on his ankles, and because he showed a willingness to comply with staff. Plaintiff asserts that the severity of the injuries he suffered as a result of the tightened restraints was intensified by a subsequent infection of the wounds. The infection, Plaintiff claims, resulted from Plaintiff being forced to urinate on himself because Defendant and the correctional officers monitoring him allegedly denied Plaintiff access to, or use of, a toilet despite his insistence that he needed to relieve himself. Plaintiff does not dispute that he was provided medical treatment for his wounds by prison medical staff at that time and again on at least five other occasions.

2

**{6}** In his amended complaint, Plaintiff asserted causes of action against Defendant under both state and federal law. Defendant filed a motion to dismiss the state law claims which the district court granted. Defendant subsequently moved for summary judgment on Plaintiff's Eighth Amendment prohibition against "excessive and unjustified physical force." The district court granted Defendant's motion and dismissed Plaintiff's complaint on two grounds: First, the district court found that, based on the pleadings and a video tape submitted by Defendant, "Plaintiff was not denied medical care by . . . Defendant, nor was . . . Defendant indifferent to his medical needs." Second, the district court found that "Defendant . . . did not participate in the placement of the [restraints] on . . . Plaintiff, nor was she present when [restraints] were placed on . . . Plaintiff. She did check the [restraints] on Plaintiff after they had been applied. Plaintiff cannot establish that Defendant was in control of this activity." Thus, the court "agree[d] with . . . Defendant . . . that . . . Plaintiff is unable to establish an Eighth Amendment [v]iolation against Defendant." Plaintiff appeals from this decision and argues that the district court erred in resolving undisputed issues of fact and that it improperly considered the video tape in making factual determinations.

## II.  DISCUSSION

### A.  Standard of Review

**{7}** "An appeal from the grant of a motion for summary judgment presents a question of law" that we review de novo. *Tafoya v. Rael*, 2008-NMSC-057, ¶ 11, 145 N.M. 4, 193 P.3d 551 (internal quotation marks and citation omitted). "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* We review the record in the light most favorable to support a trial on the merits, *Weise v. Washington Tru Solutions, L.L.C.*, 2008-NMCA-121, ¶ 2, 144 N.M. 867, 192 P.3d 1244, and we "construe all reasonable inferences from the record in favor of the party that opposed" summary judgment. *Hamberg v. Sandia Corp.*, 2008-NMSC-015, ¶ 7, 143 N.M. 601, 179 P.3d 1209 (internal quotation marks and citation omitted). However, the party opposing summary judgment has the burden to "show at least a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact." *Ciup v. Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263. To meet this burden, the party "cannot rely on the allegations contained in its complaint or upon the argument or contention of counsel to defeat it. Rather, the opponent must come forward and establish with admissible evidence that a genuine issue of fact exists." *Id.* (citations omitted).

### B.  Eighth Amendment

**{8}** Claims of denial of appropriate medical treatment as well as excessive force  can violate the Eighth Amendment's prohibition on cruel and unusual punishment. We discuss each of these issues in turn as they relate to Plaintiff's contention that Defendant's actions constituted "a deliberate indifference and reckless disregard for the clearly established constitutional right" to be free from cruel and unusual punishment.

3

**1.     Denial or Delay of Medical Care**

**{9}**     This Court has previously adopted the United States Supreme Court's holding in *Estelle v. Gamble*, that in order to state a cognizable claim that he has been denied adequate medical treatment in violation of the Eighth Amendment, a "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." 429 U.S. 97, 106 (1976); *see Archuleta v. Goldman*, 107 N.M. 547, 549, 761 P.2d 425, 427 (Ct. App. 1987). We have clarified that "[a]ctionable indifference may be demonstrated by the response of prison doctors to a prisoner's needs or by the acts of guards intentionally denying or delaying access to proper medical care." *Archuleta*, 107 N.M. at 549-50, 761 P.2d at 427-28. The "deliberate indifference" standard includes two components: the first objective and the second subjective. *Cordova v. LeMaster*, 2004-NMSC-026, ¶ 30, 136 N.M. 217, 96 P.3d 778 (internal quotation marks and citation omitted). To satisfy the objective component of the deliberate indifference test and demonstrate a cognizable violation of the Eighth Amendment, Plaintiff must demonstrate an injury that is "sufficiently serious." *Id.* The subjective component requires a showing that an officer acted with a sufficiently culpable mental state. *Id.* Thus, indications that an inmate has a "serious" need for medical treatment include the existence of an injury that "a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (internal quotation marks and citation omitted).

**{10}**     There is no dispute—and Plaintiff's own allegations show—that he was provided medical treatment for his leg injuries after the restraints were removed, and that he continued to receive medical treatment for several weeks afterward. Nor does Plaintiff complain about the adequacy of the medical care he received. Rather, Plaintiff argues that he did not receive medical treatment on a timely basis and that a dispute of fact exists as to whether Defendant "delayed or denied [him] medical treatment between 12:36 p.m. and 4:00 p.m." Thus, our analysis is limited to whether Plaintiff's contention that the delay of medical care during this narrow window of time constitutes a cognizable claim under the Eighth Amendment.

**{11}**     In cases where treatment was delayed rather than denied altogether, the inmate must allege facts showing he suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The "substantial harm" or objective element of this test is satisfied by a showing that a delay in treatment resulted in "lifelong handicap, permanent loss, or considerable pain" and the "deliberate indifference" or the subjective element is satisfied by facts indicating that prison officials were aware of facts from which they could infer that the delay would cause a substantial risk of serious harm and did, in fact, draw that inference. *Id*. at 949-950. Under this standard, "[d]elays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." *Grant v. Bernalillo County Detention Ctr.*, No. 98-2193, 1999 WL 157415, at *3 (10th Cir. Mar. 23, 1999). In contrast, in instances in which delays in providing treatment

4

involve less serious medical conditions, the Eighth Amendment may not be implicated. *See, e.g.*, *Wesson v. Oglesby*, 910 F.2d 278, 283 (5th Cir. 1990) (concluding that a delay in obtaining treatment for a prisoner's swollen, bleeding wrists caused by tight handcuffs was insufficient to establish an Eighth Amendment claim); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (concluding that a fourteen hour delay in obtaining treatment for a sliver of glass in a detainee's palm did not constitute a violation of the Eighth Amendment). *See Jackson v. Simmons*, No. CIV. A. 99-3363-KHV, 2001 WL 1456859, at *6 (D. Kan. Nov. 2, 2001) (where an inmate alleged excessive force including putting handcuffs on too tightly which caused severe pain and swelling, the court found the injury to the plaintiff's wrists may be insufficient by itself to constitute an Eighth Amendment violation).

**{12}** In this case, Plaintiff argued to the district court that as a result of the delay in medical attention, his injuries were "significant," required "painful medical treatment," and resulted in "tissue scarring." We note first that Plaintiff has not explained what the "significant" injuries were, nor has he produced evidence that the alleged injuries were the result of the short delay in medical treatment. Such conclusory allegations without specific supporting facts are not sufficient to create a genuine issue of material fact under the summary judgment standard.

**{13}** Further, we are unwilling, as a matter of law, to reach the conclusion that a bare assertion of "tissue scarring" on Plaintiff's ankles constitutes either a lifelong handicap or permanent loss. It is well established that when a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has failed to do so, and we therefore hold that his allegations of tissue scarring, by itself, are insufficient to support a constitutional claim amounting to inadequate medical care.

**{14}** With respect to whether Plaintiff demonstrated that he experienced considerable pain, our review of the record reveals that the only pain Plaintiff specifically identified was the "painful medical treatment" required to treat his injuries. In light of the fact that Plaintiff was required to—but did not—submit any further evidence of the nature or severity of his pain, we must conclude that he has not met the requirement of suffering considerable pain as that term is defined for purposes of the Eighth Amendment. *See Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (recognizing that a plaintiff's claim of twelve hours of tormenting, debilitating pain accompanied by severe vomiting, along with his significant physical injuries, was enough to satisfy the substantial harm requirement of the objective component of a deliberate indifference claim), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008); *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005) (holding that the plaintiff's evidence of severe chest pain for several days prevented summary judgment on the objective component of a prisoner's Eighth Amendment claim involving inadequate medical care); *Oxendine v. Kaplan*, 241 F.3d 1272, 1278 (10th Cir. 2001) (finding that "considerable pain [experienced] while [a] finger continued to rot," can constitute substantial harm); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)

5

(holding that for purposes of summary judgment, the objective element was met by evidence of severe pain for several hours). On the record before us, we have no basis to evaluate Plaintiff's claim in light of the well-settled principle that "not every twinge of pain suffered as the result of delay in medical care is actionable." *Id.*

**{15}**    Accordingly, we conclude that while Plaintiff may have experienced a several-hour delay in treatment, he has not identified any substantial harm *resulting from the delay in treatment.* Finally, we determine that Plaintiff has asserted no facts plausibly suggesting that Defendant acted with deliberate indifference to his medical needs. Rather, the undisputed evidence demonstrates to the contrary as Plaintiff was seen and treated by Defendant and other medical staff on several occasions. We therefore agree with the district court's finding that Plaintiff's complaint fails to state an Eighth Amendment claim for inadequate medical care.

## 2.    The Restraints and Excessive Force

**{16}**    After incarceration, the Eighth Amendment prohibits "the unnecessary and wanton infliction of pain" on prisoners. *Graham v. Connor*, 490 U.S. 386, 399 n.11 (1989) (internal quotation marks and citation omitted). The "core judicial inquiry" for an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In reviewing a prison guard's use of force, the court must give "wide-ranging deference" to the measures taken with the intention of reducing breaches of discipline. *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (internal quotation marks and citation omitted).

**{17}**    On appeal, Plaintiff argues that the district court improperly resolved the following disputed material facts when it granted summary judgment on his excessive force claim in Defendant's favor: (1) whether Defendant participated in the restraint of Plaintiff, (2) whether Defendant was present, (3) whether Defendant was in control of the activity, and (4) the circumstances and manner in which Defendant checked the restraints which bound Plaintiff. Plaintiff claims that, contrary to the district court's findings, Defendant was present when the restraints were applied and thereafter while he was in the medical holding cell. Further, he contends that despite his repeated complaints, Defendant refused to modify or adjust the restraints. Even accepting every allegation made by Plaintiff as true, we conclude that the allegations fail to establish an Eighth Amendment claim of excessive force by Defendant as a matter of law.

**{18}**    In the context of unduly tight handcuffing, the Tenth Circuit has held that, if established, such conduct could constitute excessive force if a plaintiff alleges: (1) "some actual injury that is not *de minimis,* be it physical or emotional," and (2) that the officer ignored the "plaintiff's timely complaints . . . that the handcuffs were too tight." *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (en banc) (emphasis added). Thus, although the Tenth Circuit has consistently rejected a bright-line rule requiring a plaintiff to

demonstrate physical injury when bringing an excessive force claim, *see Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001), it has nevertheless required that a plaintiff show "some actual injury" when an excessive force claim relies upon unduly tight handcuffing. *Cortez*, 478 F.3d at 1129.

**{19}** Applying these principles, Plaintiff in this case claims that he "repeatedly notified" Defendant and others "that the restraints had been applied too tightly, [and] that the restraints were injuring [him]." Plaintiff asserts that despite his complaints, Defendant refused to adjust or modify the restraints. For purposes of summary judgment, we assume that Plaintiff has presented evidence that Defendant ignored his "timely complaints . . . that the handcuffs were too tight." *Id.*

**{20}** Even if the force applied to Plaintiff was unreasonable, however, Plaintiff has not presented any evidence that he suffered a permanent "actual injury" as a result of the handcuffing. *Id.* Further, allegations of pain or injury without proof in the form of medical records, or by other competent evidence, cannot prove an injury. *See Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003) (holding that, because Plaintiff did not submit medical records documenting that bleeding wrists as a consequence of overly tightened handcuffs resulted in a long term injury, the plaintiff's Section 1983 claim in which she alleged excessive force failed); *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir.1990) (stating that medical records are required for the plaintiff to prove claimed nerve damage from being handcuffed too tightly); *Montes v. Ransom*, 219 Fed. Appx. 378, 381 (5th Cir. 2007), *cert. denied,* ___U.S.___, 128 S. Ct. 705 (2007) ("[A]dmissible medical evidence establishing some injury is required to satisfy the injury requirement of an excessive force claim based on the application of handcuffs."); *Oliver v. City of Minneapolis*, No. Civ. 04-3022-PAMRLE, 2005 WL 2406035, at *6 (D. Minn. Sept. 27, 2005) (Plaintiff's claimed permanent injuries were deemed temporary, minimal injuries, because they were not supported by medical records).[1]

**{21}** Plaintiff has stated that he had to undergo painful medical treatment for several weeks and that he has suffered tissue scarring as a result. Although Plaintiff contends that his injuries were as a result of the time he spent in restraints, he has offered no medical

---

[1] Many of these cases implicate the Fourth Amendment. We recognize that excessive force claims utilize different standards under the Fourth and Eighth Amendments. *Compare Graham*, 490 U.S. at 397 (test is one of objective reasonableness under the Fourth Amendment) *with Hudson*, 503 U.S. at 8 (test under the Eighth Amendment is a subjective test which inquires as to the subjective good faith of the officers). The differing standards make clear that the Fourth Amendment provides greater protection to plaintiffs on claims of excessive force than does the Eighth Amendment. As such, we have no trouble concluding that the analysis set forth in the cited Fourth Amendment cases involving excessive force in the placing of handcuffs are, at the very least, equally applicable to Plaintiff's Eighth Amendment claim here.

evidence to support that claim. The "medical" records submitted by Plaintiff in opposition to the motion for summary judgment are mostly shift post logs indicating that Plaintiff was transported to the medical unit. They contain no findings of any trauma and, at the most, indicate that Plaintiff's legs were cleaned and re-bandaged by medical staff. Well settled precedent compels us to conclude that Plaintiff's medical injuries—lacerations and scarring—are *de minimis* injuries because any alleged permanent injuries are not supported by medical evidence. Since Plaintiff has failed to produce admissible medical evidence of any serious or permanent physical or psychological injury from the placement of the restraints, his constitutional claim under the Eighth Amendment necessarily fails. Therefore, his claim of excessive force fails as a matter of law.

## C.      Video Tape

{22}     Plaintiff alleged that the district court erred in using a videotape showing Defendant examining his legs after he was placed in restraints to decide disputed issues of fact. However, having resolved Plaintiff's claim based solely on his inability to demonstrate an Eighth Amendment violation, we do not address Plaintiff's objections regarding the district court's use of the videotape for purposes of summary judgment.

## III.    CONCLUSION

{23}     For the foregoing reasons, we affirm.

{24}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**

Topic Index for *Griffin v. Penn,* No. 27,786

| AE | APPEAL AND ERROR |
|----|------------------|
| AE-PR | Pro Se Representation on Appeal |
| AE-SR | Standard of Review |
| | |
| CR | CIVIL RIGHTS |
| CR-PC | Prison Conditions |

CR-SE              Section 1983 Actions

**CA**              **CRIMINAL PROCEDURE**
CA-PS              Pro Se

**CP**              **CIVIL PROCEDURE**
CP-SJ              Summary Judgment

**CT**              **CONSTITUTIONAL LAW**
CT-CU              Cruel and Unusual Punishment
CT-EF              Excessive Force