This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WILTON HAYES,**

Plaintiff-Appellant,

v.                                                                                    **NO. 31,152**

**DAVID ARREDONDO,**

Defendant-Appellee,

and

**JOHN DOES I-XX,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J. C. Robinson, District Judge**

Peter A. Keys
Silver City, NM

for Appellant

Miller Stratvert, P.A.
Lawrence R. White
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiff appeals from the district court order granting summary judgment in favor of Defendant Arredondo on qualified immunity grounds. This Court issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

In this Court's calendar notice, we proposed to conclude that Plaintiff did not satisfy his burden of demonstrating a constitutional violation from the delay in medical treatment. [CN 6] Specifically, we proposed to conclude that Plaintiff had failed to show that the delay in treatment resulted in "lifelong handicap, permanent loss, or considerable pain." [CN 6 (quoting *Griffin v. Penn*, 2009-NMCA-066, ¶¶ 11-12, 146 N.M. 610, 213 P.3d 514)] Furthermore, we proposed to conclude that the facts of Plaintiff's case do not rise to the level generally considered sufficient to establish a constitutional violation. [CN 7]

In response, Plaintiff continues to maintain that NMSA 1978, Sections 66-7-201 (1989) and 66-7-203 (1978), establish a duty to transport any person injured in an accident for medical treatment. [MIO 2] Plaintiff goes on to argue that our

Legislature waived immunity for law enforcement officers acting within the scope of their duties under NMSA 1978, Section 41-4-12 (1977). [MIO 4] Plaintiff's reliance on these statutes is misplaced. First, as we pointed out in our calendar notice, Plaintiff argues that the statutes are ambiguous; therefore, Plaintiff is unable to establish that the officer's conduct violated a clearly established right. [CN 7-8 (citing *Starko, Inc. v. Gallegos*, 2006-NMCA-085, ¶ 11, 140 N.M. 136, 140 P.3d 1085)] Moreover, Plaintiff has not established that these statutes establish a *federal* constitutional or statutory right on which a 42 U.S.C. § 1983 action may be premised. *See Starko*, 2006-NMCA-085, ¶ 10 ("Section 1983 does not itself establish or create any rights"; instead, it "provide[s] a cause of action for money damages against a state official in his or her individual capacity for the deprivation of *federal* constitutional or *federal* statutory rights." (emphasis added) (alteration, internal quotation marks, and citation omitted)). Furthermore, Plaintiff has failed to establish how he could support an alleged Eighth Amendment violation for delay in medical treatment—the theory under which delay in medical treatment is generally analyzed. *See Griffin*, 2009-NMCA-066, ¶ 9 (indicating that a delay in medical treatment is analyzed as a potential Eighth Amendment violation and requires a showing that the plaintiff suffered substantial harm as a result of the delay).

To the extent Plaintiff argues a duty was created under Sections 66-7-201 and 66-7-203, and to the extent Plaintiff asserts Defendant's failure to transport constituted negligent infliction of emotional distress, these arguments do not support reversal of the district court's grant of summary judgment on qualified immunity grounds for the reasons discussed above. Moreover, Plaintiff has not argued on appeal that the district court dismissed any tort actions—to which these arguments might be relevant.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**